No. 05-717

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 310N

STATE OF MONTANA,

> Plaintiff and Respondent,

v.

JOHN EDWARD CRATER,

> Defendant and Appellant.

APPEAL FROM:    The District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2005-181,
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Shannon McDonald, Public Defender's Office, Helena, Montana

> For Respondent:

> Hon. Mike McGrath, Montana Attorney General, Joslyn M. Hunt,
Assistant Attorney General, Helena, Montana

> Leo J. Gallagher, Lewis and Clark County Attorney, Michael Menahan,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  August 15, 2006

Decided:    November 29, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    John Crater (Crater) appeals the First Judicial District Court's denial of his motion for a mistrial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    On May 16, 2005, police officers with the Helena Police Department responded to a call reporting a disturbance. Upon arriving at the scene, Officer Callahan observed that Crater and another man were engaged in a physical altercation. Although the officers broke up the fight, Crater remained aggressive and hostile. Therefore, he was handcuffed and subsequently arrested.

¶4    On June 1, 2005, an Information was filed charging Crater with one count of felony burglary and two counts of misdemeanor assault. On June 9, 2005, Crater appeared with appointed counsel and pleaded not guilty to all offenses. Two days before trial, Crater filed a motion in limine seeking to bar any evidence of his prior bad acts or criminal activity from being presented to the jury. The State did not object and the District Court granted the motion. A jury trial was held on July 25-26, 2005. During the course of the trial, Callahan testified that his decision to handcuff Crater was "based on past experiences we've had — ." Before completing his statement, the officer was

instructed to stop speaking. The State's attorney rephrased the question and Callahan explained in the presence of the jury that he had handcuffed Crater "believing he may have been implicated in a crime at that point."

¶5 Based on the officer's interrupted statement, and outside of the presence of the jury, Crater's counsel moved for a mistrial arguing that the officer's testimony constituted a statement regarding his past experience with Crater, in violation of the motion in limine prohibiting reference to prior bad acts by Crater. The State responded that the officer intended to testify that it was the general policy of the police department, based on various officers' experiences, to detain and handcuff individuals when they become violent. The State further argued that the officer did not state that he had had prior experiences with Crater, nor did he mention or refer to any prior criminal acts Crater committed. After hearing arguments from both parties, the District Court concluded the partial statement did not warrant a mistrial and denied the motion. Crater was found guilty of felony burglary and one count of misdemeanor assault.

¶6 At the sentencing hearing on September 14, 2005, Crater was sentenced to fifteen (15) years at Montana State Prison, with eight (8) years suspended, on the felony burglary charge. He also was sentenced to six months, suspended, for misdemeanor assault and received credit for sixty-five (65) days served. These sentences were accompanied by certain conditions, including fines and restitution. Crater filed a timely appeal.

**ISSUE**

¶7 A restatement of the issue on appeal is whether the District Court abused its discretion when it denied Crater's motion for a mistrial.

3

## STANDARD OF REVIEW

¶8 We review a district court's ruling on a motion for a mistrial for an abuse of discretion. When a defendant moves for a mistrial, the district court bases its ruling on whether the defendant has received a fair and impartial trial. *State v. Partin,* 287 Mont. 12, 15-18, 951 P.2d 1002, 1004-05 (1997).

## DISCUSSION

¶9 *Did the District Court abuse its discretion when it denied Crater's motion for a mistrial?*

¶10 Where there is a reasonable possibility that inadmissible evidence might have contributed to the conviction, a mistrial is appropriate. *State v. Weldele*, 2003 MT 117, ¶ 75, 315 Mont. 452, ¶ 75, 69 P.3d 1162, ¶ 75. In determining whether a prohibited statement contributed to a conviction, a court must consider: 1) the strength of the evidence against the defendant; 2) the prejudicial effect of the testimony; and 3) whether a cautionary jury instruction could cure any prejudice. *Partin*, 287 Mont. at 18, 951 P.2d at 1005. The record reveals that no cautionary jury instruction was given.

¶11 The District Court did not abuse its discretion when it denied Crater's motion for a mistrial. The record contains sufficient evidence for the jury's verdict. The order granting Crater's motion in limine prohibited reference to previous crimes or bad acts committed by Crater. Callahan's partial statement did not reference Crater, past experience the officer had had with Crater, or prior crimes or bad acts committed by Crater; therefore, the incomplete statement by Callahan had little or no prejudicial effect. We conclude the officer's testimony did not contribute to Crater's conviction.

4

¶12     We have decided this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶13     For the foregoing reasons, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS